## CLARK *v.* PURCHASE.

EXCHANGE OF PROPERTY—FRAUD—BURDEN OF PROOF—EVIDENCE—SUFFICIENCY.

> In a suit for the rescission of a contract for an exchange of property on the ground of fraud, evidence on the part of plaintiffs *held,* insufficient to meet the burden of proof.

Appeal from Ingham; Carr (Leland W.), J. Submitted January 9, 1924. (Docket No. 25.) Decided March 5, 1924.

Bill by Edward Clark and another against Clarence

On fraudulent representation by vendor of extent or proportion of land of particular kind included within tract sold, where purchaser inspects the land, see note in 30 L. R. A. (N. S.) 55.

C. Purchase and another to rescind an exchange of real estate on the ground of fraud.    From a decree dismissing the bill, plaintiffs appeal.    Affirmed.

*Seymour H. Person,* for plaintiffs.

*Joseph H. Dunnebacke,* for defendants.

CLARK, C. J.    Plaintiffs owned a house and lots in Lansing.    Defendants owned a farm near Howell. They exchanged.    The bill, praying rescission for fraud, was dismissed.    Plaintiffs have appealed. Plaintiff Edward Clark, aged 50, of no schooling, had been a coal miner, had worked on the Ohio river, had been a farmer in a small way for 6 years, had been a laborer in Indiana and at various places in Michigan, the last 12 years at Lansing.    Introducing the allegations of fraud, it is insisted that he was ignorant and credulous, and that his wife, the other plaintiff, was ill.    To dispose of this, we quote with approval from the opinion of the trial judge:

"On this phase of the case it may be said in passing that while Mr. Clark was unable to read and write he was nevertheless possessed of some ability and experience in business matters.    He had purchased property before, in addition to that involved in this case.    It also appears that they had looked at farms belonging to others than the defendants and had determined that he would not exchange his Lansing property therefor.    The general demeanor of Clark on the stand, together with his past success in acquiring property, scarcely warrants the conclusion that he can be easily imposed on.    Neither do I find that the illness of Mrs. Clark affected her mind in any way."    * * *

The fraud charged is that it was represented that the farm was "right near" Detroit, when in fact it was near Howell, and about 50 miles from Detroit; that the size and productiveness of the farm orchard

were overstated; and that the cost and value of a cider mill on the farm were exaggerated. Plaintiff and his wife before the exchange went to the farm in an automobile. He saw the orchard and the cider mill. They had ample opportunity for observation and inspection. They returned to Lansing and closed the deal. Their testimony tends to support their claim of fraud, while that of defendants denies it flatly. Nothing will be gained by reviewing the evidence in greater detail. The plaintiffs have not met the burden of proof. Their claim of having been deceived as to the location of the farm is, on this record, incredible. Their testimony respecting the orchard and the cider mill is weakened by the fact that plaintiff Edward Clark, a man of intelligence and of some experience in business, including farming, saw and inspected the property before making the exchange.

We think the decree is equitable. It is affirmed, with costs to defendants.

McDONALD, BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.